UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ONETTA WOODS,

        Plaintiff,

v.                                      Case No. 1:08-CV-651

COMMISSIONER OF SOCIAL              HON. GORDON J. QUIST
SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Commissioner's Objections to the Magistrate Judge's Report and Recommendation issued on May 11, 2009, as well as Plaintiff's Response to the Commissioner's Objections. In his report and recommendation, the magistrate judge recommended that the Administrative Law Judge's (ALJ) decision denying Plaintiff's claim for benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to re-evaluate the three opinions of Dr. Gustafson, Plaintiff's treating physician. The magistrate judge further recommended that if as a result of that re-evaluation the ALJ finds that Plaintiff suffers from additional limitations, the ALJ should re-evaluate Plaintiff at steps four and five of the sequential analysis.

The magistrate judge cited several reasons why he believed the ALJ failed to give "good reasons" for rejecting Dr. Gustafson's opinions. First, he found that the ALJ's statement that Dr. Gustafson's August 14, 2004 opinion was inconsistent with the October 13, 2004 opinion of the consultative examiner, Donald Sheill, M.D. was merely conclusory, as it failed to specifically identify any inconsistencies. Second, he found that while Dr. Gustafson's more restrictive opinion dated February 7, 2007, does appear more restrictive than the consultative examination, this more

recent opinion was rendered 2.5 years after the consultative examination and Dr. Gustafson's opinion indicates that Plaintiff's condition had worsened during that time. Third, he noted that the ALJ's decision to discredit Dr. Gustafson's opinion because it was not clear whether Dr. Gustafson knew about Plaintiff's part-time employment was apparently based upon mere assumptions about what Dr. Gustafson knew without any analysis of why Plaintiff's work history would have been inconsistent with his findings. Finally, the magistrate judge noted that although the administrative record contains over 300 pages of medical records from Dr. Gustafson's office, the ALJ failed to cite any records that were inconsistent with the doctor's opinion. Because the magistrate judge found that the ALJ failed to properly evaluate Dr. Gustafson's opinions, he also found the ALJ's credibility determination and RFC assessment were not supported by substantial evidence.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted.

The Commissioner first contends that the Court should reject the report and recommendation because, while the ALJ did not explain her reasons for finding Dr. Gustafson's August 14, 2004 opinion inconsistent with the consultative examination findings, her discussion of Dr. Sheill's October 2004 examination findings earlier in her decision supplies the evidentiary basis for the ALJ's conclusion. The Commissioner further notes that the ALJ did not reject Dr. Gustafson's 2004 opinion solely because it was inconsistent with the consultative examination, but also because that opinion was based primarily upon Plaintiff's subjective statements without any abnormal clinical findings. Although the ALJ did discuss the consultative examination findings, and certain inconsistencies can be found between Dr. Gustafson's August 10, 2004 report and those findings, it is for the ALJ to explain those inconsistencies and not up to the Court to speculate about what they might be. *See Rogers v. Comm'r*, 486 F.3d 234, 242-43 (6th Cir. 2007). As the magistrate judge

observed, certain aspects of Dr. Gustafson's opinion were consistent with Dr. Sheill's examination. Moreover, Dr. Gustafson's report shows that he did conduct a physical examination of Plaintiff and also references a September 11, 2002 nerve conduction study, suggesting that Plaintiff's subjective reports were not the sole basis for Dr. Gustafson's opinions.

Next, the Commissioner argues that the magistrate judge erred in finding fault with the ALJ's decision to discount Dr. Gustafson's opinions due to his lack of knowledge that Plaintiff worked part time. The Commissioner contends that the ALJ properly discounted the doctor's opinions because he did not take Plaintiff's part-time employment into account. The magistrate judge characterized the ALJ's discounting of the opinion as based on assumptions of what Dr. Gustafson knew about Plaintiff's work history. The Commissioner points out that Dr. Gustafson acknowledged in sworn testimony given in February of 2007 that he was unfamiliar with Plaintiff's employment history and the kinds of activity she had engaged in, which would have included her part-time work as a school bus driver, and later, a bus monitor. Whether Dr. Gustafson was actually aware of Plaintiff's part-time employment seems immaterial, however, because the question the ALJ did not address is whether that part-time work was inconsistent with the doctor's opinions. As Plaintiff notes, Dr. Gustafson was addressing her functional abilities required for full-time employment rather than part-time work, and it may be that the requirements for the part-time jobs do not exceed the limitations imposed by Dr. Gustafson.

Finally, the Commissioner contends that the magistrate judge incorrectly found that the ALJ improperly concluded that Dr. Gustafson's February 7, 2007 opinion is inconsistent with Dr. Sheill's 2004 findings. The magistrate judge found error because the consultative examination was conducted 2.5 years before Dr. Gustafson's opinion and Dr. Gustafson's opinion indicates that Plaintiff's condition worsened in the intervening period. The Commissioner argues that the

objective medical evidence fails to show that Plaintiff's condition deteriorated after the 2004 examination. However, the administrative record does contain some evidence suggesting that Plaintiff's condition did worsen. For example, in February 2005, an orthopaedic surgeon reported that a fall Plaintiff experienced in late September or October of 2004 could have exacerbated her knee problems, although it might not have been immediately apparent in the months following the accident. (A.R. at 510.) In addition, in January 2005, a podiatrist made a finding of diabetic neuropathy, or numbness and pain in Plaintiff's feet, as well as plantar fascitis. (A.R. at 512.) Dr. Gustafson testified that diabetic peripheral neuropathy was one of Plaintiff's principal deficits. (A.R. at 632.) Thus, contrary to the Commissioner's argument, this evidence at least suggests that Plaintiff's condition had worsened since October 2004. Accordingly, the Court concurs with the magistrate judge's recommendation for remand to the ALJ. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 11, 2009 (docket no. 11), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **reversed and remanded** pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to re-evaluate Dr. Gustafson's opinions and to re-evaluate Plaintiff at steps four and five of the sequential analysis should the ALJ find that Plaintiff suffers from additional limitations.

This case is **concluded**.


Dated: September 29, 2009              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE